[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT
The order of the court for unallocated alimony and support is $600.00 per week. The parties agreed upon an effective date of November 1, 1990. From November 1, 1990 to April 4, 1991 there are twenty-two weeks. For that period the defendant should have paid $13,200.00. In fact he paid $11,066.22 and deducted for certain items which he paid which he felt were the plaintiff's obligation. However, the court ordered $600.00 per week unallocated alimony and support. This is a court order and the defendant has no right unilaterally to deduct amounts he believes are owed to him by the plaintiff. Such amounts may be legal obligations owed by the plaintiff to the defendant. If they be such, the defendant has a proper remedy. That remedy is not by way of set-off against court ordered alimony and support. The defendant owes the plaintiff $2,183.07.
With regard to the payment of bills, the defendant has testified that he is paying or has paid the bills as set forth in paragraph 18 of the court's Memorandum of Decision. He admitted that he owed the plaintiff $260.00 for Louis' school.
As to the plaintiff's claims for $40.00 for keys, the defendant testified he had no keys to the boat slip. The $40.00 incurred by the plaintiff is her expense.
As to the plaintiff's claim regarding the 1989 income CT Page 4488 tax refund, that claim had been discussed in the court's memorandum on defendant's motion and no further comment need be made here.
With regard to the plaintiff's claim regarding medical and hospital insurance coverage (paragraph 7 of plaintiff's motion), the defendant testified that Blue Cross/Blue Shield had cancelled his coverage effective November 30, 1990 (see defendant's exhibit 2). While the court recognizes the additional expense to the plaintiff and recognizes, also, that the PHS coverage provided by the defendant does not permit her to continue with Dr. Etkind, the cancellation of this coverage was beyond the defendant's control. The court does not find that the defendant is guilty of any wrongful conduct on his part.
As to the items mentioned in paragraph 8 of plaintiff's motion, the court considers this as "de minimus." The $121.50 has been computed in the arrearage. As to paragraph 9 of plaintiff's motion, this has been provided in the court's articulation.
In summation, the court finds an arrearage of $2,183.07 in unallocated alimony and support and orders this sum to be paid, in addition to the $600.00 per week order, in an amount of $100.00 per week commencing May 23, 1991. The court finds an additional arrearage of $260.00 for Trumbull Loves Children to be reimbursed to the plaintiff. This sum shall be paid by the defendant to the plaintiff on or before July 1, 1991.
The court does not find contempt. The court has, however, considered all of the factors of this proceeding and all of the factors of 46b-82 of the General Statutes and, pursuant to the provisions of 46b-62 of the General Statutes, orders that the defendant shall contribute toward the plaintiff's counsel fees the sum of $1,000.00 which shall be paid by the defendant to the plaintiff on or before September 1, 1991.
EDGAR W. BASSICK, III, JUDGE